UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

NO. 08-CR-127-01-GFVT

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V.   RECOMMENDED DISPOSITION | |
| BRANDON M. INMAN | DEFENDANT |

\* \* \* \* \* \*

The Court conducted a competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d). Procedurally, the hearing followed a motion for examination by counsel for Defendant, which the United States joined. *See* DE ## 12 & 13. The Court thus, upon the required findings, ordered a psychiatric evaluation. *See* DE #14 (order directing evaluation). The evaluation occurred, as ordered by the Court. All parties had access to the resulting forensic report (the "Report") issued by psychologist Dr. Betsy Campbell; the Court served the sealed Report, including the evaluator's CV, to all counsel. *See* DE #26.[1]

The Court set a hearing, and the parties appeared with counsel. *See* DE #28. During the course of that hearing, the parties stipulated to admissibility of the Report (which finds Defendant currently competent), as well as to the Report's findings and Dr. Campbell's qualifications. The

---

[1] The Court issues this order as a Recommended Disposition to preserve Defendant's right to a full *de novo* review, if sought, before the District Judge and in recognition that competency may qualify as a dispositive issue. *See, e.g., United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068-69 (9th Cir. 2004)(discussing nature of competency determination as potentially considered dispositive).

parties also waived introduction of other proof and argument in opposition and waived the right to cross-examine Dr. Campbell.

Section 4241 codifies the competency principles of *Dusky v. United States*, 80 S. Ct. 788 (1960).  Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *See id.* at 789; *see also* 18 U.S.C. § 4241(a)(phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995)(applying the "two-prong" competency test from *Dusky*).

Section 4247(d) governs the hearing and assures certain trial-type rights.  These include rights of confrontation, cross-examination, and participation.  *See* 18 U.S.C. § 4247(d); 18 U.S.C. § 4241(c)(referencing § 4247(d) for hearing procedure).

Ultimately, per § 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of § 4241(a).  This framework **suggests** that the defense bears the burden, although the cases are in disagreement on burden allocation.  *Compare United States v. Chapple,* No. 94-5048, 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995)(burden on United States, though without statutory analysis) and *United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003)(burden on United States) *with United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998)("The burden to prove a lack of competence is on the defendant.").   Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question.  *See, e.g., Medina v. California*, 112

S. Ct. 2572, 2579 (1992)(indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

With a stipulation as to both the admissibility and substance of the Report, the only proof as to current competency is the expert analysis of Dr. Campbell. In a thorough and well-documented report covering nine pages, the author analyzed Defendant's history, course of evaluation, and testing performance. Dr. Campbell personally observed Inman via direct interview, and she subjected Defendant to a battery of psychological testing as deemed appropriate. Dr. Campbell and/or the facility screened for any relevant medical issues. The Court notes that Dr. Campbell is a licensed psychologist, and she reported extensive exposure to Defendant for purposes of observation and analysis. Defendant was at the evaluation site for over 75 days.

The Report is a thorough and comprehensive assessment of Inman's history, condition, and circumstances. The testing, *e.g.*, placed Inman in the average intelligence range. Although he demonstrates "persistent personality problems," Dr. Campbell found no impairment sufficient to impact competency negatively. Inman adjusted well to confinement and presented himself in a rational and logical fashion. He also reported no history of severe mental illness and exhibited no current serious symptomology.

The Report expertly applied the *Dusky* standard in determining that Inman is competent under § 4241(a). Dr. Campbell discussed each *Dusky* element in detail and in context, and no evidence before the Court conflicts with her opinion. The Report's competency opinion stands unrebutted.

Further, the Court has not independently observed behavior that conflicts with Dr. Campbell's conclusions. In multiple Court appearances, Defendant has been under control,

attentive, and conscious of events. He has responded appropriately to questions and has otherwise engaged properly in dialogue with the Court and with counsel. He has been responsive and sentient before the Court. Inman has not shown irrational or erratic conduct that would indicate a current statutory competency deficit, and counsel's representations, based on extensive interaction, further support Defendant's status as competent.

The Court finds no evidence to support that Defendant is not competent, and certainly finds nothing that would permit an incompetency finding by a preponderance of the evidence. Indeed, the Court finds that, per § 4241(a), Defendant is able to understand the nature and consequences of the proceedings and can assist properly in his defense. Defendant is competent to face further proceedings, to include trial, in this matter.

The Court notes that all time related to the competency evaluation and determination is excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(A).

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult the statute, and Fed. R. Crim. P. 59(b), concerning the right to appeal to the District Judge. Rule 59(b) requires that specific written objections be filed within 10 (ten) days of service of this Recommended Disposition. Failure to object per Rule 59(b) waives a party's right to review.

This the 11th day of May, 2009.

G:\competency\inman-rec.wpd



Signed By:
*Robert E. Wier*
United States Magistrate Judge